IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-CV-774-REB-MJW

MELINDA DIMARCO,

    Plaintiff,

v.

CB RICHARD ELLIS, INC.

    Defendant.

_____

**PLAINTIFF'S RESPONSE TO DEFENDANTS MOTION TO DISMISS**
_____

    The Plaintiff, Melinda DiMarco, by and through her counsel, George C. Price, provides this Response to Defendant's Motion to Dismiss.

    In her complaint filed in this matter, the Plaintiff alleged violations of Title VII of the Civil Rights Act of 1964, as amended, and the Age Discrimination in Employment Act.

**ARGUMENT**

    Defendant argues that it is entitled to the dismissal of any claims the Plaintiff has alleged took place prior to January of 2003. Its position is based upon the fact that the Charge of Discrimination, which Defendant attached to its Motion, indicates that the earliest date discrimination took place was December 2003. Plaintiff's complaint states claims of discrimination dating back as far as January 2003.

    The Motion to Dismiss, it is submitted, is more in the nature of a motion for summary judgment, and is a bit premature. Defendant is submitting materials that bring in facts that are

not contained in the Complaint

There is no doubt that the date of December 2003 is contained on the Charge of Discrimination. What is also clear is that despite the error in the Charge, the narrative contains information that predates the December 2003 timeframe and adequately apprises the Defendant of the pre-December 2003 allegations. None of the allegations should come as a surprise to the Defendant. Additionally, the Defendant has failed to provide to the Court other documents submitted to the Equal Employment Opportunity Commission, including the affidavit provided to the EEOC that expands on the Charge. Without discovery and disclosure, it is improper to move for dismissal.

Defendant's position that somehow the allegations in the Complaint must mirror exactly those in the Charge of Discrimination is not supported in the case law. *Aramburu v. Boeing Co.,* 112 F.3d 1398 (10th Cir. 1997), as do the other cases cited, makes it clear that the suit may include allegations that <u>reasonably relate</u> to the allegations listed in the administrative charge. The allegations in the Complaint do just that. The Charge contained allegations based on sex, race, age and retaliation. The Complaint alleged the same allegations and mirrored those in the affidavit provided to the EEOC. Under the cases cited by the Defendant, the Court is required to liberally construe the administrative charge and the may be as broad as the scope of the EEOC investigation which reasonably could be expected to result from the charge. The entry of an incorrect date on the charge should not limit the scope of the Charge when it is clear from the narrative that it encompasses more than allegations from the date listed onward.

It should be further noted that the allegations of the Plaintiff in this case relate to a hostile work environment that took place before and after the date in question. In *Aramburu*, *supra*, the

Plaintiff alleged wrongful discharge in the administrative charge and hostile environment in the complaint. In *Robleado v. Deffenbaugh Industries*, 136 F. Supp 1179 (D. Kan. 2001) and *Parisi v. Boeing Co.*, 400 F.3d 583 (8th Cir. 2005) the allegations involved discreet acts of discrimination that were not previously alleged.

If this motion is to treated like a motion for summary judgment, it is requested that Plaintiff be given an opportunity to conduct discovery and the gathering of information from the EEOC files so that the scope of the Charge and the responses from the company can be reviewed.

## CONCLUSION

The Defendant's motion should be denied. If the Court wishes to treat the Motion to Dismiss as a Motion for Summary Judgment, it is respectfully requested that the Plaintiff be given the opportunity to conduct discovery and to obtain the complete EEOC file.

Respectfully submitted,

_____
George C. Price
900 Logan Street
Denver, Colorado 80203
(303) 861-5500

**CERTIFICATE OF SERVICE**

I certify that on June 22, 2005, I delivered a true and correct copy of **PLAINTIFF'S RESPONSE TO DEFENDANTS MOTION TO DISMISS** addressed to:

Brian Moore
Silver and DeBoskey
1801 York Street
Denver, CO 80206

_____